The first case on our docket this morning is agenda number one, number 130618 People of the State of Illinois v. DeMarco Watkins-Romaine. Counsel for the appellant, are you prepared to proceed? Good morning, your honors. May it please the court, Assistant Attorney General Jeremy Sawyer on behalf of the people. This court should reverse the appellate court's judgment for two separate reasons. First, defendant forfeited his claim that the people's petition to continue his detention was untimely, and that claim is plainly not reviewable as second-pronged plain error. Second, the people's response seeking to continue defendant's detention was timely, either under section 110-6 of the act or under section 110-6.1. So first, the most straightforward way for the court to resolve this case is to hold that any error did not qualify as second-pronged or structural error that would excuse defendant's forfeiture. He forfeited the claim twice over. First, he forfeited it by not objecting to the timeliness of the people's filing in the circuit court. And then he forfeited it again by not including the issue in his notice of appeal. And the appellate court does not have supervisory-type authority to overlook that forfeiture. Rather, it can only overlook the forfeiture if the defendant establishes plain error. And he can't do that for multiple reasons. First, he can't show that the error was clear or obvious because the appellate courts, the appellate districts are divided on the issue of statutory interpretation, and the parties agree about that as discussed in our briefs and in the appellate court's decision below. Many appellate panels have concluded that the people's petition to continue the detention of a defendant was timely under these circumstances. And because the appellate districts are split, a circuit court cannot commit a clear, obvious error by adopting one side of the split. So that threshold requirement for plain error to apply is not present here. Second, the asserted error doesn't satisfy the requirements for second-pronged plain error. And this court has made clear that second-pronged plain error equates to structural error. First, it's not a fundamental constitutional error. So the only constitutional right at issue is the right to a hearing to determine whether the denial of pretrial release is appropriate. It's undisputed that the defendant received that hearing after he petitioned for release from custody. The people filed their response. The circuit court held a hearing and determined that denial of pretrial release was appropriate. Counsel, can I ask you to back up a little bit? I'm mindful that we have the students here, and, of course, we've all read the briefs and we know what this case is about. But is it correct that this is under what's commonly referred to as the Pretrial Safety Act? Is that correct? Yes, Your Honor. And this is a situation where the defendant in the case was arrested, and he was arrested at a time when the old bail system was still in effect, and then a bond was set. He was unable to meet the bond or pay the bond, and he was still in custody. And so then after the Pretrial Fairness Act went into effect, he then filed a request asking that the court allow him to be released under the terms of the Pretrial Fairness Act. Is that correct? That's correct, Your Honor. And the state then filed a request asking that he be held under the Pretrial Fairness Act. Is that correct? Yes, Your Honor. The defendant, after the act took effect, he petitioned to remove the financial condition of his pretrial release, which had been set before the Pretrial Fairness Act went into effect under the old system, and the people filed a response opposing the defendant's request for a pretrial release. But the people didn't file a motion to keep him held, did they? The people filed a court petition for his detention, which is styled under Section 6.1 of the act. So Section 6.1 contemplates detention petitions such as the one that people filed here. It could also be construed as simply a response in opposition to defendant's request for pretrial release. And I think that goes to the question of plain error because either way, the circuit court was required to consider the case under the act. So regardless of whether it was under Section 6.1, under Section 6, or under Section 5, the circuit court, after defendant filed his petition and the people filed their response, the circuit court had to have an opportunity to consider the case, the defendant's request. Under the act standards, and that's what it did. Counsel, didn't the appellate court state that the petition filed by the state was untimely? And it went on to say that the state didn't get another attempt at detention, absent some evidence that Watkins' remain circumstances had changed? Yes, Your Honor. Was that correct? The appellate court was mistaken because it didn't account for the change that the Pretrial Fairness Act worked in the system of bail. So before the act took effect, defendant was ordered conditionally released subject to a $350,000 bond, which the circuit court said was necessary to ensure public safety in light of the serious allegations that he had attempted to murder the victim and compelling circumstantial evidence that he was the shooter in the case. And then after the act took effect, the court considered the case without having bail, monetary bail, as a possible condition of release. So it was under a different system, and when the court considered the case for the first time under the act standard, the court properly ordered detention. Counsel, is it fair to say that the defendant took a bail himself of what he considered to be the advantages of the Pretrial Fairness Act? Yes, Your Honor. And so in that regard, he basically opened the door for the state to respond, did he not? I would agree, Your Honor. He certainly opened the door for the state to respond. And would an appropriate response from the state be what the state argued, that he shouldn't be released because of the danger that he posed to the public? I guess my question is, the defendant opened the door and the state responded. That's basically what you're saying, isn't that true? I would agree, Your Honor, and that's a good way of looking at the case from a high level. Certainly, defendant invoked the act, and he had been conditionally released prior to the act, and he was entitled to be released on pretrial release should he have paid the bond. But then after the act took effect, he petitioned under the act to remove the financial conditions of his release, and therefore he put the question of pretrial release or detention before the circuit court, and the circuit court did no more than consider that question under the act's standards and under the limitations of the act, which included not having the possibility of monetary bail. Counsel, would you agree that 6.1 speaks to when the state can file a petition to have someone detained, and that speaks to at the first appearance before a judge or within 21 days after arrest and release? Yes, Your Honor. So what section was this response filed under? So the response, if construed as a responsive petition, it was filed under 110-6. Section 6 of the act addresses the modification of previously imposed conditions of pretrial release. Here there were previously imposed conditions of pretrial release. Subsection 6G authorizes the court to add or increase conditions of release after hearing, and subsection 6I provides that there are no limitations under section 110-6 on the people's ability to file a petition for pretrial detention. And so isn't the difficulty here the fact that 110-6G talks about removing previously set conditions of pretrial release? It doesn't talk about the initial decision to detain someone. Yes, Your Honor. It's about modification. Yes. However, section 110-6 addresses modification of previously imposed conditions of release, and that's what was happening in this case is that there were conditions of release that were previously imposed. Defendant petitioned under section 7.5 to reopen the conditions of release, and therefore the provisions of 110-6 addressing modification of previously imposed conditions apply, and in this case allowed the people an opportunity to respond in opposition to defendant's petition. So the state was simply seeking to modify the prior condition. The prior condition was $350,000 in bond, 10 percent of that amount that the defendant would have to post, right? Yes. And so the state was asking to modify that and to hold the defendant. Yes, Your Honor. So once a defendant petitioned to reopen the conditions of his release, he could argue for the most lenient possible conditions, and the people could argue for the most restrictive possible conditions, which includes denial of pretrial release, and that's contemplated under section 110-5 as well, that the circuit court has to consider whether there are any available pretrial release conditions that would comply with the act's purposes, including protecting public safety. In this case, the circuit court properly determined that there were not any available pretrial release conditions, particularly in light of the very serious allegations that defendant shot at the victim on the highway, that there was strong circumstantial evidence that he was the shooter, gunshot residue was recovered from his car. In light of those facts, the circuit court properly found that there were no available pretrial release conditions that would satisfy the act's standards. I'd like to turn back to the question of plain error briefly. So this is not a fundamental constitutional error because the defendant received the hearing that he was entitled to. He's not entitled to any further constitutional process. Again, the asserted error also did not affect the integrity of the judicial process. So even if the circuit court considered the people's response under the wrong statutory subsection, if that's what the court ultimately determines, that's not the type of error that's so grave that it undermines the fundamental fairness and reputation of the judicial process. So it doesn't excuse his forfeiture of the issue. But you argued earlier that the courts are in conflict on the issues presented here. This is a brand-new statute, very technical, and different courts have looked at it different ways. And obviously, it's up to this Court to make those final decisions. If we agreed with you that because there was no subtle law, this could not be plain error, what do we do with all these other cases that are being held for the decision here? Well, Your Honor, I think there are – will eventually be relatively few cases in these circumstances where a defendant was ordered conditionally released on bail – subject to bail before the act took effect and then petitioned for release after the act. And I would say, Your Honor, that many of these cases that were decided in favor of a defendant such as here do rest on a misapprehension of a second-pronged plain error. And so I think that's an appropriate way to resolve the case, is to hold that the forfeiture is not accusable of second-pronged plain error because it's not clear, obvious error, and it's not structural error. But additionally, if the Court decides to resolve the case on the grounds of statutory interpretation, there are multiple avenues to hold in the people's favor, either under Section 110-6 or under Section 110-6.1. But also, it's common sense, I think, that the people should have an opportunity in these cases to oppose a detained defendant's request for pretrial release. And that's one basis on which many appellate courts have held in the people's favor under these circumstances. But, Counsel, under 110-6.1c1 that we discussed earlier, that specifically gives us a specific timeline when the state can file this. Are you asserting that the state filed it within the timeline contained in 110-6c1? So, Your Honor, the people's position as to Section 6.1c is that in these particular cases where a defendant was arrested and went before the Circuit Court before the Act took effect, and then he's seeking relief under the Act following the Act's implementation, that the defendant's first appearance before a judge is an appropriate time under Section 6.1 for the people to file a petition for detention. First appearance after the Act went into effect? Yes, Your Honor. Are we there in this instance? Was this his first appearance after the Act went into effect? So, the appellate court did not rely on a subsequent appearance. I understand that there was a subsequent appearance in this case, I believe. That's not in the record after the Act took effect. Could that be the October 10, 2023 date, where this defendant made his first appearance before a judge on that date? Yes, Your Honor. But that is a part of the record. I don't believe it's part of the record. I know the defendant has referenced it in his brief. And I'm not disputing that that hearing took place, but the appellate court didn't consider that in its discussion of Section 6.1. And so I think this case presents the opportunity, should the court decide to resolve this case on the statutory grounds, to reject the appellate court's mistaken interpretation of Section 6.1, which says that the people would have to file a petition at the defendant's first appearance before a judge, even when he went before the judge for the first time before the Act took effect. And so that would unfairly penalize the people for not complying with the requirements of the statute before they were in effect, which is an unusual result. But I'm trying to determine, did he go before a judge for his first appearance? When he went before a judge for his first appearance after the Act took effect, did the people file the petition asking that he be detained? Was it filed at that time? They did not, Your Honor. So the people's—that's why I think, should the court resolve a case on statutory grounds, viewing it as a responsive petition or just a response, authorized under Section 110-6 is probably the better vehicle to address it. But I think it also underscores the importance of the fact that the defendant forfeited the issue. So he didn't argue it to the circuit court, and so I think that partly underscores why we have some difficulty sorting out exactly what happened, because he didn't raise the issue of timeliness to the circuit court, and so the circuit court never had an opportunity to address it. Again, then he has to establish structural error because he's proceeding under the second prong of the plain error rule, which I believe he cannot do. So I'd briefly like to also discuss Section 110-6 in the context of the Act's purpose. And the Act provides that circuit courts can order pretrial release subject to non-monetary conditions, but only when doing so is consistent with the goals of the statute. I mean, those goals include protection of the safety of any other person or the community, and that's Section 110-2E. And so I think the defendant is incorrect that Section 110-6 requires that a defendant be automatically released from custody once he reopens the condition of his release. Instead, it's the circuit court that has to determine whether there are any conditions or combination of conditions that satisfy the statute's goals, including protecting public safety. And if not, the circuit court may increase conditions of release up to and including detention. I think that's the best way to understand what happened here. And finally, Your Honor, I think the petition should be construed as timely to avoid absurd results because principles of due process and fairness favor giving the people an opportunity to respond in some form to a defendant's petition where he was detained and he sought pretrial release. And the other procedural scenarios that he identifies are dissimilar to this case because they don't resolve a disputed issue. They're only preliminary steps. But here, a defendant's petition seeks to resolve the disputed issue of pretrial detention. So there's a strong presumption that the people have an opportunity to respond. And it would be somewhat unusual to require the circuit court to make that ultimate decision, including resolving some disputed facts without the people's participation. So once defendant petitioned for relief under the Act, the circuit court had to have an opportunity to evaluate defendant under the Act standards. For all these reasons, the people ask that this court reverse the appellate court's judgment and remand for consideration of defendant's remaining arguments. Thank you. Thank you very much, counsel. Counsel for the appellate. Good morning, Justices. May it please the court, my name is Attorney James F. DiQuascio and I represent the defendant appellate, DeMarco Watkins, from Maine. Where I want to start, judges, everyone knows here that this comes down to an issue of statutory interpretation. This is a situation, as everyone is aware, my client was arrested prior to the enactment of the Pretrial Fairness Act and had a bond hearing on September 1, 2023. At that hearing, the state filed a petition for mandatory no bail at the time to try to have the court hold him no bail based on the fact he was charged with a ten-first-degree murder and that a potential life sentence could be imposed. The hearing was conducted, and after that hearing, the court found that the state failed to meet their burden, that the proof was evident or presumption was great, that my client committed the offense of a ten-first-degree murder. With that, primarily based on the nature of the circumstantial evidence, the biggest indicator is that there was no identification as my client, as the shooter, from the vehicle. With that, the judge thought it was appropriate to set a monetary bond and conditions of release, which was at $350,000, and as the court is aware, my client was unable to make that bond. September 18, the Pretrial Fairness Act came into effect. As the court knows, it changed the complete landscape of how the courts handle issues of pretrial detention. From that date, no petition was filed. September 10, I'm sorry, October 10, 2023, my client appeared before the Honorable Judge Brosnahan for arraignment and for his plea of not guilty, and the case was continued. No petition was filed on that date. We get to December 7, 2023, I filed the petition to release. No petition was filed on that date. On December 13, 2023, the state finally filed their petition under Section 6.1, Seeking Detention. It is our contention that that petition was untimely and inappropriate under the circumstances, as the subsections that I cited in the motion were 110-7.5 and 5E. As the court is aware, 110-7.5B applies to a specific class of defendants, those prior to the Pretrial Fairness Act who were ordered release or otherwise not released due to something out of their control and not being able to meet a specific condition, which in this case was he could not make the monetary bond. And the statute further says it immediately proceeds to subsection 5E, which is essentially conditions hearing, where it is our contention that that part of the statute strictly only applies to setting conditions, not revisiting the issue of detention. When somebody proceeds after the issue of detention has been determined, they go to 5E. So is your theory that we're here, and of course the interesting thing is we're between the two statutes. The initial order was the defendant could be released if he posted the appropriate money in a bond. And then after the statute passed, you filed this petition for release, and you see the argument the only choice the court had was to, because the idea of bond could no longer be used, the only option the court had was to release the defendant with other kinds of conditions. Is that correct? That is correct, Your Honor. So anyone caught in this place where bond had been set and now under the new statute they must be released, is that your position? I believe so, Your Honor, additionally because it is our position that the issue of detention was already determined. The state had originally sought a no bail order, which the court denied, based on the proffer that the state presented, based on the mitigating evidence that was presented by his attorney at that time, took all those factors into effect in indicating setting a bond. And I believe that based on the proffer that was made at the petition for release hearing, it was substantially similar to say no new information was added. But counsel, it was a different statute. I mean, your argument would suggest that the Pretrial Fairness Act didn't make any difference, that the conditions were the same. It was a totally different statute. So are you saying there's no difference between what's considered under the Pretrial Fairness Act and under the prior statute? I'm not saying they're necessarily identical. I think they are similar in a sense in regards to determining whether there's going to be release or detention. The main aspect that has been removed since is that monetary bond can no longer be a justification. But there was a reason for monetary bond. If there was, you know, and part of the reason for monetary bond was trying to ensure that the defendant came back to court, right? So, I mean, the statute is, the new statute is different. If not, why are we here? I mean, the Pretrial Fairness Act presents a completely different landscape. And the defendant is trying to avail himself of that correctly. And is the state entitled to respond under the circumstances of the Pretrial Fairness Act? I don't believe in this particular circumstance. The legislator did create this particular section in regards to people which they were aware issues would come up, where either A, released on bond under the old system, or B, were ordered release and otherwise not released. So it did indicate in the statute the specific procedures in handling those particular types of situations, which here would be to proceed immediately to the conditions hearing. Because at the conditions hearing, the only thing that can be done is determining what conditions of release that can be. And that's already been determined. Electronic monitoring, no contact with occurrence witnesses and other standard conditions of bond. So you're saying that September 18th, the day the act went into effect, the state could not file a motion or petition to detain under the new act that day? They could have potentially filed the petition on that day. I believe it would still end with the same result, that it would not be responsive. But in any event, they did not. And I believe that also goes with the statute. You think that under the statute, after the effective date of the statute, the State, if timely, could in fact move to detain the defendant, even though under the old statute, the court had determined that the defendant could be released if he posted a bond. You know, it seems to me that's the opposite of what you just said. He could be, under the new statute, he could be detained if there was a timely motion filed, right? I think to clarify, I don't think under this particular circumstance, given his situation, given he's a part of the class of defendants under 7.5B. So opposing counsel said that we need to look to the defendant's first appearance after the Pretrial Fairness Act went into effect. So what's your position on that? If they had filed it, and I realize they didn't, but if they had filed it at his first appearance after the new act went into effect, would that have been proper? I would say no. Okay, and then that brings me to another question. In 725 ILCS 5110-5E that you've referenced, it talks about if a person remains in pretrial detention, that the court should hold a hearing to determine the reason for continued detention. What does that hearing look like? I mean, to determine the reason for continued detention. I think in this context there's a threshold determination that the court must make before entering the conditions hearing, and that threshold determination would be that he could not make the monetary bail. And as 5E also indicates, that the inability to make monetary bail cannot be consideration or justification for keeping a defendant in custody. So it's our position that after that determination is made, I don't believe anything further needs to be addressed, because there's no indications in the record that he was ineligible for any of the other conditions that were previously imposed. Primarily it would be electronic home monitoring and no contact with the current witnesses. And the state is just supposed to stand mute, offering nothing regarding what's appropriate for this person to be released? Well, in this context, I think the state may be limited only to address the issue of conditions only, not detention. Is the context that you're talking about, the timing, or is there something more? Is it this earlier determination under the old Act that the old Act's no bail provision should not apply? Is that the distinction you're drawing here? What if that had not happened? What if there had never been a petition for no bail under the old Act and this gentleman was brought before the court and the court set up a bond of $350,000. Is that the distinction you're drawing? Yes. I mean, that's one of the distinctions, yes. I believe that is significant as well. So can I ask you this? The key seems to be, then, for you, this first hearing before the act went into effect where there was a no bail petition filed and the court said there was insufficient evidence to hold him no bail. That's what we have to look at? That is one distinction, yes, Judge, because I believe the appellate court did also indicate in their opinion that since that finding was made, it's indistinguishable from the first prong under the detention statute and that the state should not even get a second bite on the detention app based on that as well. Even though it was determined under a completely different regime? Correct. But what you're saying should have happened because your client was in detention after the act went into effect, but he had been ordered released with certain conditions that he could not meet, that he falls under 5110.7.5b and that he was entitled to a hearing to be held, it says 48 hours, after having been ordered released. But that came, he was ordered released before the effective date. So are you saying that the time on this issue comes up because he was not, there was no hearing held by September 20th, when at two days, 48 hours after the effective date, and he's still in detention? Or would that have required some other notice and some other hearing? I believe that it comes down to the time on this, I think, at the end of the day. And I think, again, the state attorney's ability is limited in this particular circumstance. This is not a common circumstance. So I believe that they could not, if they could respond in any way at all, which I don't believe they could, but in any way, it would only be in the limited issue of addressing the conditions. And that there had to have been a change in circumstance since August, since the initial bond hearing that would have given the state the ability to say, there's been a change in circumstances, and now we know there's no way this individual can comply with any conditions of release that would consider the protections of the public and the witnesses, and there has to be something additional from the time of the original hearing. I would agree with that interpretation. There were no changes in circumstances beyond... Because I'm trying to find out what your argument is. What you're saying is that when there are these additional hearings, or the defendant is exercising his right under the Act, that in the state response to that, are they limited in what they can argue in response to that, saying there has to be some sort of change in circumstances, or are you saying, no, they don't get to respond? I don't believe they get to respond, but in the alternative, I believe the limitation would be if they could respond at all would be only to the issue of conditions. Counsel, where is that in the statute, that they're only limited to the conditions? If I could have one moment. I'll go to 725 ILCS 5-1106G. The court at any time after a motion by either party or on its own motion previously set conditions of pretrial release subject to the provisions of the subsection, the court may only add or increase conditions of pretrial release at the hearing under the section. But this is the first hearing under the new section, right? Correct. So I believe they would be limited... The court is limited in that respect, where it can only increase or add conditions, or remove the condition that's requested. It can't continue to add conditions on. It can't throw somebody into detention only because they're seeking to modify the conditions here, and I don't believe the state can do the same. By requesting, when this type of situation opens up, that they should be thrown back into detention, I think all that can be argued are the issues regarding the conditions. But he's not being thrown back into detention. He's already in detention. Correct. And the court's trying to make a determination as to whether or not he should remain in detention. Correct. Correct. In this circumstance, yes, but the determination, I believe, would lead to him being released because the only condition that he was seeking to remove was the requirement for monetary bail, which is, again, it is not a justifiable reason to hold somebody in detention. The other conditions that were previously imposed, there's no indication that he could not meet those conditions or that they need to be changed. So when you filed your motion pursuant to the statute, the section that you just talked about, the only choice, and the defendant was in detention because he was unable to pay the bail amount. Correct. The only option the court had was to release him from detention. Yes, under the previously imposed conditions other than the monetary bail. And then I will briefly turn to the issue of forfeiture that the people have brought up. Judge, it is the defense contention that forfeiture should be excused in this case for a multitude of reasons. First, what the appellate court had indicated is that under 615A there is a substantial effect on his liberty under second prong claim error. I believe that's accurate because the liberty interest here clearly... So every time there is an error where there's been no objection, it's been forfeited, the court never had an opportunity to address it in the trial court, and it's in a criminal case where liberty is at stake, that's always structural error? I would say in this case it is mainly because of the issues of the Pretrial Fairness Act, which came up. And I'll note, too, that the line of cases that I relied upon did not exist at the time of the hearing. And they were all after convictions, correct? No, I'm talking about people v. Brown, people v. Watson, that support our position in regards to the petition. Those cases did not exist at the time I filed my motion, argued it, or at the time I filed a notice of appeal. They came out after the fact. I'm talking about what is structural error and what is not. Well, I would say structural error here would be a constitutional error in this context, which would be an effect on his liberty being unlawfully detained or unjustifiably detained when he was ordered released in the first place. And I would say, wouldn't that be true in every kind of criminal case where there is a conviction? After a conviction, the defendant's liberty interests are affected, and let's say an issue is raised for the first time at appeal, would that mean every single time an issue is raised on appeal because it affects liberty interests, therefore it's structural error? Is that what you're arguing? I don't think it applies to every single situation. After conviction, I think, is distinguishable from this situation because this involves an issue of pretrial detention or someone who should have been ordered released. Ordered release who should have been released was never released. Isn't it more serious impact on the defendant's life after a conviction, a felony conviction or a misdemeanor conviction, I suppose, a penitentiary sentence? Those have significant impact on the life of the defendant. How do we balance that out? Why is this liberty interest treated differently than how we look at plain error after a conviction? I believe I know there are effects after conviction. There are also effects pre-conviction, too, as with my clients. He's not able to support his family. His children are going through psychological traumas and troubles because of his absence. His wife does not have the supporting potential of the children that they had when they both were working, and he lost his job. There's a lot of impact that this has had on his life pre-detention, and the fact that he's being held when he shouldn't be indicates that this is a structural error. I have to conclude now. I want to say for all these reasons, particularly in the briefs and in the record, I respectfully request that you confirm the decision of the 1st District Appellate Court. Thank you very much. Thank you very much. Council further comments? Then we'll vote. Thank you. Thank you, Your Honor. Before addressing defendant's statutory arguments, I'd like to begin with the question of second-pronged plain error. Again, any error was not clear or obvious because the parties agree that the appellate districts are divided on the question of statutory interpretation. As defendant asserted and made clear just now, most of the cases that were decided on this question at the time that the circuit court ruled had favored the people's position that petition to continue defendant's detention was timely. It cannot possibly have been clear or obvious error for the circuit court to detain defendant to order his continued detention and to consider the detention petition, especially when defendant did not bring the question of timeliness to the court's attention. The error is also not structural because it's not a fundamental constitutional error. Again, defendant has a constitutional right to a pretrial detention hearing before he's ordered detain, but it's undisputed that he did receive that hearing following the filing of his petition in the people's response. The error is also not structural because it's amenable to harmless error review. Indeed, it is harmless because even if the court were to decide that the circuit court should not have considered the people's petition under its interpretation of the act, the circuit court still needed to assess the conditions of release under Section 110-5. The circuit court had to consider whether there were any conditions of release that were available that would satisfy the statute's goals, including protecting the safety of the community and any other person, and that's what the court did. Again, your honors are correct that under the interpretation of structural error that both defendant and the appellate court below offered, any error in a criminal case would be structural error because any error affects the defendant's liberty at risk, and that's not an administrable rule. It's not consistent with this court's plain error cases. Turning to the question of statutory interpretation, even if the court were to determine that neither Section 110-6 or Section 110-6.1 provides for a detention petition, there's nothing that prohibits the people from filing a response in opposition to a defendant's petition for release, which is another way to characterize the people's filing here. It's also consistent with due process and fairness to allow the people to respond when a defendant who is detained seeks to be released from pretrial custody. Counsel, is this not a second bite at the apple? I mean, you've already had the hearing about the intention of no bail, and I know we've got a new statute, so that's a question we have to consider, but in essence, the court already decided that there should be conditions in that case. The old statute was bail. The new statute says you can't do it, but the court has already determined you can't hold the defendant without bail. Well, Your Honor, it's not a second bite at the apple because the circuit court never had the opportunity to consider the question of detention under the limitations of the Act, and I think looking at the record of the bond hearing really makes this clear. Looking to what the circuit court said, it said, you know, we find that the standard for no bail order has not been met, but there was very compelling evidence that the defendant was the shooter, and it went beyond the finding of probable cause, and the court repeatedly emphasized that substantial bond was necessary to protect public safety. And there was really no other condition that substitutes for a sizable monetary bond after the Act took effect, and so there was nothing that was available to the circuit court considering the case after the Act took effect that would protect public safety, and so it's an entirely different inquiry, and appropriately conducting that inquiry, the circuit court, after the Act took effect, found that detention was necessary. May I ask a question about the two hearings? So before the Act, petition for no bail was filed, and the trial court found, and I'm not sure what the standard was, there was insufficient evidence as to whether or not he was, in fact, culpable. I'm not sure what the standard was, whether it was clear and convincing or not, but made some kind of evidentiary decision, correct? And that was the basis of the denial of the petition for no bail? So, yeah, I think it's not clear the standard that the circuit court applied before the Act, but I think the circuit court did make clear that it found that there was strong, compelling evidence that the defendant was the shooter. But the reason why she denied it was because she had some questions about the sufficiency of the evidence, correct? Well, the court found that there was very compelling evidence, but I think it's- But not enough to say no bail. My question is then, later, when you file your petition and it goes forward, that second judge found there was clear and convincing evidence, a very different standard, right? How do we look at the two decisions? If the first decision is going to be significant, as your opponent has suggested, are they two different standards? What do we do with the fact that one judge said there wasn't enough evidence and the other one says it was clear and convincing? How do we- Yes, I think the circuit court was applying, essentially, a clear and convincing evidence standard before the Act took effect. I think it's necessary to consider this in light of the context in which the Act occurred. So the circuit court, looking at the case after the Act took effect, and the appellate court here, found that this $350,000 bond was effectively a no-bail order. And this court has also issued a report saying this was a scenario that happened before the Act took effect where courts would sometimes order very high bonds as a substitute for detention, but those were essentially detention orders. And so I think it's impossible to look at the circuit court's denial of the no-bail order without having that context. And looking at the transcript of the bond hearing, it demonstrates that the circuit court did find there was strong evidence that defendant was a shooter and would not have ordered defendant conditionally released if it had not had the opportunity and the ability to order a very high bond. And I think that the appellate court recognized that. Many courts have recognized the same, that this was a way in which the circuit courts operated before the Act. And one of the things that the Act was designed to remedy. And so I think defendant's argument doesn't sufficiently account for the fact that that very significant condition of release that operated as a de facto no-bail order in many cases was no longer available to the circuit court after the Act took effect. But why is it that you believe that the mechanism that set forth for the individuals that remained incarcerated after the effective date of the Act and the hearing that they are entitled to doesn't provide any limit to what the state can ask for? Because I notice that, you know, they filed an initial detention hearing petition. They marked the box as original or first time. But this is an individual that falls under, you know, Section 75, 7.5B, who is already detained but could not secure his release. And so in that circumstance, the hearing that they're entitled to has some limitations. It says that the inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release should not be used as a justification for the pretrial detention of that defendant. What you said here is that what was common before the Act was that judges would set high bond knowing basically that was a no-bond order. But this statute now has a specific provision for an individual like this defendant. Why shouldn't the state be limited by this section? Or am I reading that for a limitation that you don't see? Your Honor, I think when a defendant in this situation invokes the Act, he is entitled to reopen the conditions of release hearing, and that's what happened here. The conditions of release hearing was reopened. But under Section 110-5, the court does have to consider whether there are any available pretrial release conditions that comply with the Act's standards, including protecting the safety of the public or any other person. And that's an important interest. That's an important goal of the statute. It's in Section 110-2e as well in the statute's articulation of its purpose. And so I think the people should not be limited from putting before the circuit court the argument that there are no available pretrial release conditions that would satisfy the Act's standards, including the protection of public safety. Well, counsel, my colleague was asking you about 110-7.5b, and that directs us to 725 IOCS 5-110-5e. And that specifically says what that hearing is supposed to be about for the person who is in custody under a monetary bond and has not been able to post that. Where in 110-5e is there any language suggesting that this is to be about the state having the opportunity to argue that the person should be detained? So 110-5e asks whether the circuit court has to reopen the conditions of release hearing to determine what available conditions of release exist. And under Section 110-5, more broadly, Section 110-5a emphasizes that the circuit court has to consider what, if any, available pretrial release conditions exist. And so I think every time that a circuit court considers conditions of release under 110-5, the court has to consider whether there are any available pretrial release conditions that satisfy the Act's purposes, and if there are not, pretrial detention is appropriate, which is consistent with the Act's purpose. Counsel, if you would bring your remarks to a close. Thank you, Your Honor. So for all these reasons, the people ask that this Court reverse the appellate court's judgment and remain for consideration of defendant's remaining arguments. Thank you, Your Honor. This case, Agenda Number 1, Number 130618, People of the State of Illinois v. DeMarco Watson-Tomei, will be taken under advisement. Thank you both for your spirited arguments on this important issue. Thank you.